IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOE LEE PATTON**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #090018**

v.                        No: 4:25-cv-00115-LPR-PSH

**DEXTER PAYNE,** *et al.*　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Joe Lee Patton, an inmate at the Arkansas Division of Correction's Cummins Unit, filed a *pro se* complaint on February 7, 2025 (Doc. No. 1). His application to proceed *in forma pauperis* has been granted (Doc. No. 5). The Court has reviewed Patton's complaint and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Patton suspects he has been exposed to human waste in his

drinking water at the Cummins Unit because he experienced severe diarrhea several months ago.[1]  Doc. No. 1 at 4-5 & 7-10.  He provides no other facts to support his belief that the water is contaminated.  Again, an action fails to state a claim upon which relief can be granted if it does not plead sufficient facts to "raise a right to relief above the speculative level" or "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.  Patton's assertion that the water is contaminated at the Cummins Unit is wholly speculative.  Because he provides no plausible facts to support his belief that the water is contaminated and causing his illness, Patton's complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.   Patton's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted;

2.   Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g); and

---

[1] Patton attaches a grievance he submitted on August 26, 2024, requesting a copy of all water treatment test logs for the past 90 days.  Doc. No. 1 at 7.  The Warden responded, "The water is tested according to the Health Department regulations each month.  Records show that the water quality is in compliance with federal and state law."  *Id.* at 10.  Patton appealed on September 26, 2024, and received a similar response informing him he should follow the sick call process if he is ill.  *Id.* at 9-10.

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 24th day of March, 2025.

_____
UNITED STATES MAGISTRATE JUDGE